OPINION
Defendant-appellant Richard Ruff appeals from the judgment entered in the Western Division of the Belmont County Court which found appellant guilty of driving under the influence of alcohol. For the following reasons, the trial court's judgment is affirmed.
On the night of June 19, 1997, Trooper Jeff Herink ("Herink") of the Ohio State Highway Patrol utilized his radar gun to determine that appellant was driving his motorcycle sixty-six miles per hour in a fifty-five mile per hour zone. Herink pulled into a gas station behind appellant and thereafter noticed that appellant had bloodshot eyes and a strong smell of alcohol about him. Three field sobriety tests were administered. Herink testified that during the horizontal gaze nystagmus test, the six indicia of being under the influence were discovered. He stated that during the walk-and-turn or heel-to-toe test, appellant stepped off of the line twice, failed to touch his heel to his toe three times, took eleven steps instead of the nine requested, and stopped to steady himself after each step. Herink also said that appellant failed to keep his arms down for the one-leg stand test.
As a result of appellant's performance on the field sobriety tests, he was arrested for driving under the influence in violation of R.C. 4511.19 (A) (1) and driven to the Highway Patrol post to be given a breathalyzer test. He was also ticketed for speeding and for his lack of a motorcycle endorsement. At the post, appellant was uncooperative in answering booking questions. Herink testified, "He [appellant] told me to, fuck the breathalyzer machine." (Tr. 20). Herink took this statement as a refusal to submit to the test.
At trial on August 12, 1997, appellant testified that he bought a six pack on the day of his arrest but only drank three beers between 6:00 p.m. and 10:00 p.m. He stated that he was not under the influence when he was stopped by the trooper at 10:50 p.m. Appellant's mother testified that she noticed three beers left in the refrigerator after appellant left on the night of his arrest. Appellant and his mother testified that appellant's eyes are often bloodshot from welding. Appellant denied refusing to take the breathalyzer and stated that he wanted to take it to prove that he was not impaired. Nonetheless, the trial court found appellant guilty of driving under the influence and speeding. Thereafter, the court sentenced appellant to thirty days in jail and suspended his license for two years, as this was his second offense in six years. He was also fined $1,500.00. The within timely appeal followed.
Appellant sole assignment of error claims that the trial court's judgment was against the manifest weight of the evidence. However, under this assignment appellant's complaints resemble a sufficiency of the evidence argument. Thus, we will address both weight and sufficiency.
Whether or not the state presented sufficient evidence is a question of law dealing with adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386. This court must determine if, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Goffif (1998), 82 Ohio St.3d 123, 138, quotingState v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus. Pursuant to R.C. 4511.19 (A) (1), the essential elements of the offense for which appellant was convicted are: operating a vehicle while under the influence of alcohol or drugs.
There is no dispute that appellant was operating a vehicle. After construing the evidence in the light most favorable to the state, we must hold that reasonable minds could find that appellant was under the influence of alcohol. According to Herink's testimony appellant, who was pulled over for speeding on his motorcycle, smelled like alcohol and failed the field sobriety tests. In the case at bar this evidence is sufficient to establish the essential elements of R.C. 4511.19 (A) (1)
Weight of the evidence concerns the effect of the evidence in inducing belief. Thomnkins, supra at 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. In order to reverse a verdict as being against the manifest weight of the evidence, a reviewing court must determine that the fact-finder clearly lost its way and created a manifest miscarriage of justice.Id. A verdict is reversed on these grounds only in exceptional circumstances. Id. This is because witness credibility and weight of the evidence are primarily questions for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, 231.
Herink testified that he initially believed that appellant was impaired due to his bloodshot eyes and smell of alcohol. He described how appellant failed two tests and did not do well on the third. He stated that appellant was uncooperative at the post and that appellant told him to "fuck the breathalyzer machine." On the contrary, appellant testified that he only had three beers in the four hours before he was arrested. He characterized his taking of the field sobriety tests as slow, deliberate and careful.
The trial court occupied the best vantage point from which to evaluate the gestures, voice inflections, and demeanor of the witnesses. See Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80. The court apparently found that the testimony of the trooper was more credible than the testimony of appellant. There is nothing in the record to suggest that the trial court clearly lost its way and created a scenario where this court must reverse to avoid a manifest miscarriage of justice. Accordingly, we cannot hold that appellant's conviction of driving under the influence was against the manifest weight of the evidence. Appellant's assignment of error is without merit, and his conviction is upheld.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 ______________________________ JOSEPH J. VUKOVICH, JUDGE